**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**
*ex rel.,* **Katrina Miller,**

    **Plaintiff,**

v.                                                       **Case No.: 8:13-cv-2757-T-35AAS**

**ROSE RADIOLOGY, INC.,**

    **Defendant.**
_____/

# ORDER

This matter comes before the Court on Defendant's Motion to Strike Untimely Motion for Attorney's Fees, Costs, and Expenses (Doc. 18), Relator Katrina Miller's Response in Opposition to Defendant's Motion to Strike (Doc. 20), Defendant's Reply to Relator's Opposition to Defendant's Motion to Strike (Doc. 24), and Relator's Sur-Reply in Further Opposition to Defendant's Motion to Strike (Doc. 26).

## I. BACKGROUND

On October 25, 2013, Relator Katrina Miller filed a *qui tam* action against Defendant Rose Radiology, Inc., alleging violations of the False Claims Act, 31 U.S.C. § 3730. (Doc. 1). After an investigation by the United States, the parties entered into a settlement agreement. (Doc. 20, Ex. A). The settlement agreement "expressly reserve[d] and [did] not release any claim for attorneys' fees, expenses and costs to which they may be entitled under 31 USC 3370(d) ..." (*Id.,* ¶ 4).

On February 10, 2016, Relator and the United States filed a Joint Notice of Voluntary Dismissal of Claims Pursuant to the False Claims Act, requesting "dismissal of all claims in the above-referenced action, with the exception of Relator's claims for attorney's fees under 31 U.S.C.

1

§ 3730(d)." (Doc. 6). On February 17, 2016, the Court dismissed all claims "with the exception of Relator's claims for attorney's fees" and stated that "Relator may file a motion for attorney's fees in accordance with the applicable rules." (Doc. 8).

On April 29, 2016, Relator filed a Motion for Attorney's Fees, Costs, and Expenses. (Doc. 11). On May 4, 2016, Defendant filed the instant Motion to Strike Relator's request for fees as untimely, arguing that Relator's Motion was not filed within fourteen (14) days after the entry of the final judgment of dismissal as directed by Federal Rule of Civil Procedure 54 and Local Rule 4.18.[1] (Doc. 18).

On May 17, 2016, Relator filed a Response in Opposition to Defendant's Motion to Strike arguing that because the Order of Dismissal had a "carve out" with respect to attorney's fees, the time limitation for filing a motion for attorney's fees and costs had not tolled. (Doc. 20). In addition, Relator asserts that the delay in filing the Motion for Attorney's Fees and Costs was a result of excusable neglect. (*Id.*).

On June 1, 2016, with the Court's permission, Defendant filed a Reply to Relator's Opposition to Defendant's Motion to Strike. (Doc. 24). On June 7, 2016, also with the Court's permission, Relator filed a Sur-Reply in Further Opposition to Defendant's Motion to Strike. (Doc. 26). Accordingly, this matter is ripe for judicial review.

---

[1] Defendant's Motion to Strike (Doc. 18) only addresses the timeliness of Relator's Motion for Attorney's Fees, Costs, and Expenses (Doc. 11). Prior to the filing of the Motion to Strike, Defendant filed an Unopposed Motion to Extend Time to Respond to Motion for Attorney's Fees and requested permission from the Court to address the timeliness of the Relator's Motion prior to addressing the recoverability and reasonableness of the fee award requested. (Doc. 13). On May 3, 2016, the Court entered an Order directing Defendant to file the instant Motion to Strike, as opposed to a Memorandum in Opposition to Relator's Motion for Attorney's Fees, and, to the extent that the Motion to Strike is denied, permitting Defendant to file a response to the Fee Motion to address substantive issues. (Doc. 17).

## II. ANALYSIS

Relator's claim for attorney's fees and costs arises out of the False Claims Act ("FCA"), 31 U.S.C. § 3730. The FCA entitles successful *qui tam* relators to a percentage of the "proceeds of the action or settlement of the claim" as well as an "award of reasonable attorney's fees, costs, and expenses against the defendant." *See* 31 U.S.C. § 3730(d)(1), (2).

Defendant claims Relator's Motion for Attorney's Fees, Costs, and Expenses (Doc. 11) ("Motion for Fees") is untimely pursuant to Federal Rule of Civil Procedure 54 and Local Rule 4.18.[2] (Doc. 18). Defendant argues that Relator's Motion for Fees was due to be filed on or before March 2, 2016, which is fourteen (14) days after February 17, 2016, the date on which the Voluntary Dismissal Order (Doc. 8) was entered. However, Relator's Motion for Fees was not filed until April 29, 2016.

Even if the Court were to determine that Federal Rule of Civil Procedure 54 and Local Rule 4.18 apply to the instant case and find that Relator's Motion for Fees is untimely, any untimeliness was a result of excusable neglect and the Motion for Fees should be considered. According to the affidavit of Relator's counsel, the day before the parties filed their Joint Notice of Voluntary Dismissal, counsel contacted Judge Scriven's chambers and confirmed his understanding that the language included in the Joint Notice of Voluntary Dismissal (Doc. 6),

---

[2] Federal Rule of Civil Procedure 54(d)(2) requires that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion" and must "be filed no later than 14 days after the entry of judgment." Local Rule 4.18(a), Middle District of Florida, requires that "[i]n accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment."

which specifically excluded Relator's claim for attorney's fees in the dismissal, would toll the time limitations set forth in Local Rule 4.18 and Federal Rule of Civil Procedure 54. (Doc. 20, Ex. B).

In addition, considering the "carve out" of Relator's claim for fees in the terms of the settlement agreement, Joint Notice of Voluntary Dismissal, and Voluntary Dismissal Order, it is reasonable, and excusable, that Relator's counsel did not consider the petition for attorney's fees untimely. As above-stated, the settlement agreement "expressly reserve[d] and [did] not release any claim for attorneys' fees, expenses and costs to which they may be entitled under 31 USC 3370(d) ..." (Doc. 20, Ex. A, ¶ 4). The Joint Notice of Voluntary Dismissal requested "dismissal of all claims in the above-referenced action, with the exception of Relator's claims for attorney's fees under 31 U.S.C. § 3730(d)." (Doc. 6). Further, the Court dismissed all claims "with the exception of Relator's claims for attorney's fees." [3] (Doc. 8).

Excusable neglect is determined by assessing four factors: 1) the danger of prejudice to Defendant; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay, including whether it was within the reasonable control of Relator; and 4) whether Relator

---

[3] Under similar facts, the court in *United States ex rel. Krause v. Eihab Human Servs.*, No. 10-CV-898 (RJD) (SMG), 2014 U.S. Dist. LEXIS 136599 (E.D.N.Y. June 6, 2014) (report and recommendation) (adopted in *Krause v. EIHAB,* No. 10-cv-0898 (RJD) (SMG), 2014 U.S. Dist. LEXIS 136421 (E.D.N.Y. Sep. 25, 2014)), reached the same conclusion. In *Krause,* relators filed a *qui tam* complaint, asserting FCA, New York False Claims Act, retaliation, and employment related claims. *Id.* at *1, 3. The parties settled the FCA and New York False Claims Act claims, and the court dismissed these claims with prejudice. In its order of dismissal, however, the court noted that several claims had not been settled, including relators' claim for attorney's fees, costs, and expenses against defendant for the settled FCA claims, and their dispute with the United States over the relators' share. *See United States ex rel. Krause v. Eihab Human Servs.,* No. 10-cv-898 (RJD) (SMG), Stipulation and Order Filed Under Seal (Doc. 20, Ex. D). The court "retain[ed] jurisdiction over Relator's Attorney Fees Claims and Relators' Share Claims." *Id.* Approximately five (5) months later, relators filed their motion for attorney's fees. *See Krause*, No. 10-cv-898 (RJD) (SMG) (Doc. 20, Ex. E). Defendant argued the motion was untimely, pursuant to Rule 54 and local civil rule 54.1(c). *Krause*, No. 10-cv-898 (RJD) (SMG), 2014 U.S. Dist. LEXIS 136599 at *3. The court rejected this argument, finding, among other reasons, that the order dismissing the settled FCA claims was not a final judgment because it "explicitly references unsettled claims that remain pending before the Court and contains at least one substantive provision directed to those pending claims." *Id.* at *5.

acted in good faith. *See Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Excusable neglect is a "somewhat 'elastic concept' [that] is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392, 113 S. Ct. at 1496, 123 L. Ed. 2d 74.

Each of the above factors weighs in Relator's favor. Defendant will not be prejudiced by a finding that the Motion for Fees is timely as Defendant still will have an opportunity to contest the reasonableness of the hourly rates, hours, costs, and expenses requested. The delay in filing the Motion for Fees has not had any impact on the proceedings in this case because all of the other claims have been dismissed. It appears Relator's counsel operated under the good faith belief that Relator's claim for fees was a separate and independent claim that was not subject to Rule 54 and Local Rule 4.18's time requirements. This belief arose out of the language in the settlement agreement, Joint Notice of Voluntary Dismissal, and the Order of Voluntary Dismissal; as well as a conversation with the district judge's chambers. Thus, the Court finds no bad faith on the part of Relator. *See Peeler v. KVH Indus.*, 13 F. Supp. 3d 1241, 1261-62 (M.D. Fla. Apr. 7, 2014) (finding excusable neglect for filing bill of costs late where movant was uncertain as to the finality of the judgment based on a prior ruling of the court).

### III. CONCLUSION

Based on the foregoing, the Court finds that Relator has established excusable neglect. Therefore, Defendant's Motion to Strike Untimely Motion for Attorney's Fees, Costs, and Expenses (Doc. 18) is **DENIED.** Defendant shall file its response to Relator's Motion for Attorney's Fees (Doc. 11) within fourteen (14) days after the entry of this order.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of June, 2016.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge